Karen R. EPPLER et al., Plaintiffs,

v.

CIBA–GEIGY CORPORATION, Defendant.

No. 92–0516–CV–W–2.

United States District Court, W.D. Missouri, Western Division.

June 30, 1994.

Paula A. Weaver, William H. Pickett, P.C., Kansas City, MO, for plaintiffs.

Harvey L. Kaplan, Shook, Hardy & Bacon, P.C., Kansas City, MO, Robert James McCully, Koch Industries, Inc., Wichita, KS, for defendant.

## ORDER

GAITAN, District Judge.

### I. INTRODUCTION

Plaintiffs in the above titled action bring a product liability claim against the defendant for its manufacture of the algicide Aquazine. Plaintiff Karen Eppler alleges that as a result of applying Aquazine to her pond she suffered numerous injuries. Plaintiff Karen Eppler bases her claim for relief on theories of negligence, product defect, and failure to warn. Plaintiff Robert Eppler brings a claim for loss of consortium.

Pending before this court is defendant's motions for summary judgment on plaintiffs' failure to warn claims and on various injuries alleged by plaintiffs for failure to provide expert medical testimony on causation issues. Also pending before this court is plaintiffs' motion in limine and defendant's motion to strike plaintiffs' listed fact witnesses.

### II. MOTIONS FOR SUMMARY JUDGMENT

#### A. Standard for Summary Judgment

Rule 56(c) of the Federal Rules of Civil Procedure permits summary judgment "if

the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

The key to determining whether summary judgment is proper is ascertaining whether there exists a *genuine* issue of *material* fact. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party. The party moving for summary judgment has the burden of proving that these requirements for summary judgment have been met. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970).

In a summary judgment analysis, a court must first consider whether there are any issues of fact. If the only issues are issues of law, then summary judgment is appropriate. *Sheline v. Dun & Bradstreet,* 948 F.2d 174, 176 (5th Cir.1991).

If issues of fact are raised, a court must consider whether these issues are material to the outcome of the case. Materiality is identified by the substantive law that is to be applied. *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510. Factual disputes that are collateral to the substantive law will not preclude summary judgment. *See id.*

In addition to the requirement that a dispute of fact be material, the dispute must also be genuine. A dispute of fact is considered genuine if the non-moving party has produced sufficient evidence such that a reasonable jury could return a verdict for that party. *Id.* at 249, 106 S.Ct. at 2510. When considering a motion for summary judgment, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor. *Id.* at 255, 106 S.Ct. at 2513. If the evidence submitted by the non-moving party is merely colorable or is not significantly probative, then summary judgement may be granted. *Id.* at 249–50, 106 S.Ct. at 2510–11.

Where the party moving for summary judgment does not bear the burden of proof at trial, that party must show "that there is an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). This burden is met when the moving party identifies portions of the record demonstrating an absence of a genuine issue of material fact. *Id.* at 323, 106 S.Ct. at 2553. If the moving party meets the requirement, the burden shifts to the non-moving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510. The trial judge then determines whether a trial is needed. "[W]hether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250, 106 S.Ct. at 2511.

**B. Failure to Warn Claims**

Defendant moves for summary judgment claiming that the Federal Insecticide, Fungicide and Rodenticide Act (FIFRA) 7 U.S.C. §§ 136–136y (1988) preempts state law tort claims for inadequate warnings on pesticides. Thus, defendant contends that plaintiffs' failure to warn claims are barred as a matter of law.

An analysis of defendant's arguments begins by examining the provisions of FIFRA and associated regulations. FIFRA requires that each pesticide sold in the United States be registered with the Environmental Protection Agency (EPA). 7 U.S.C. § 136a(a). A pesticide, however, cannot be registered with the EPA unless its label complies with EPA labeling requirements. 40 C.F.R. § 152.112(f) (1992). Furthermore, FIFRA expressly preempts state law labeling requirements by specifying that "State[s] shall not impose or continue in effect any requirements for labeling in addition to or different from those required under this subchapter." 7 U.S.C. § 136v(b).

Defendant argues that FIFRA's express preemption of state law requirements for

labeling encompasses not only legislative and regulatory enactments but also state common law failure to warn claims. Defendant bases this contention on the Supreme Court's recent ruling in *Cipollone v. Liggett Group, Inc.,* —— U.S. ——, 112 S.Ct. 2608, 120 L.Ed.2d 407 (1992).

*Cipollone* involved a similar preemption provision in the Federal Cigarette Labeling and Advertising Act of 1969 (Cigarette Act) which reads: "No requirement or prohibition based on smoking and health shall be imposed under State law with respect to the advertising or promotion of any cigarettes the packages of which are labeled in conformity with the provisions of this Act." 15 U.S.C. § 1334(b) (1988). The defendants in *Cipollone* claimed that the Cigarette Act preempted the plaintiffs' state law failure to warn claims. —— U.S. at ——, 112 S.Ct. at 2614. The Supreme Court found that "the phrase 'requirement or prohibition' sweeps broadly and suggests no distinction between positive enactments and common law." *Id.* at ——, 112 S.Ct. at 2620. Thus, the Court held that the Cigarette Act not only expressly preempted legislative and regulatory actions but also common law failure to warn claims that required a showing that cigarette advertising or promotions should have included warnings in addition to or different from those required by the Act. *Id.* at —— - ——, 112 S.Ct. at 2621–22.

■■■ Based on the *Cipollone* interpretation of the term "requirements" this court finds that section 136v(b) of FIFRA preempts state law claims for failure to warn which require a showing that pesticide labeling should have been different from requirements imposed by the EPA.[1] In this case, the warning labels for the Aquazine used by plaintiff Karen Eppler were approved by the EPA. (Stip. of Uncontroverted Facts at 2.) Furthermore, plaintiffs' failure to warn

claims regarding Aquazine labeling are premised on the contention that such labeling was inadequate. Consequently, plaintiffs' failure to warn claims require a finding that the Aquazine labeling should have been different from that approved by the EPA and are, thus, expressly preempted by FIFRA.[2] Accordingly, defendant's motion for summary judgment on plaintiffs' failure to warn claims is granted.

## C. Failure to Provide Expert Medical Testimony on Causation Issues

■■■ Defendant moves for summary judgment with regard to certain injuries alleged by plaintiff Karen Eppler on the grounds that plaintiffs have failed to provide expert medical testimony linking these injuries to her alleged exposure to Aquazine. Defendant specifically moves for summary judgment with regards to the following injuries alleged by plaintiffs: (1) muscle spasms and muscle twitching; (2) dizziness and lightheadedness; (3) malaise and fatigue; (4) blurred vision; (5) nausea and diarrhea; (6) foul taste in her mouth; (7) severe headaches and neck pain; (8) confusion, short attention span, and memory difficulties; (9) severe joint pain; (10) sudden dragging of foot; (11) itching; (12) coordination difficulties; (13) difficulty in swallowing; (14) chills; (15) damage to hair; and (16) irritability and agitation.

Plaintiffs present four causes of action through their complaint, all of which are dependent on the existence of a single, shared material fact—that Aquazine proximately caused plaintiff Karen Eppler's injuries. If plaintiffs fail to prove causation for certain injuries, all claims based on those injuries must fail. The task of proving that Aquazine proximately caused Karen Eppler's injuries inherently calls upon plaintiffs to present medical and scientific evidence. This is true for two reasons. First, because plain-

---

1. Plaintiffs argue against this interpretation by citing *Fisher v. Chevron Chem. Co.,* 716 F.Supp. 1283 (W.D.Mo.1989) and *Riden v. ICI Americas, Inc.,* 763 F.Supp. 1500 (W.D.Mo.1991) as cases in the Western District of Missouri which have held that § 136v(b) of FIFRA does not expressly preempt state common law tort claims regarding pesticide labeling. The court notes that these cases were decided before *Cipollone.*

2. Defendant also contends that state law claims for failure to warn are also impliedly preempted by FIFRA. Because this court finds that FIFRA expressly preempts these claims, however, there is no need to analyze whether or not FIFRA also impliedly preempts them. *Cipollone,* —— U.S. at ——, 112 S.Ct. at 2618.

tiffs are alleging medical injuries to Karen Eppler not patently caused by Aquazine, these injuries must be show through expert medical testimony.[3] Second, because this is a product liability action of a highly technical and scientific nature, expert testimony is essential to establish causation.[4]

Plaintiffs' designated experts have failed to testify, through depositions or affidavits, that Aquazine caused most of the injuries alleged by Karen Eppler for which defendant seeks summary judgment. Plaintiffs' expert Dr. Hollenbeck, however, has testified that Karen Eppler's muscle spasms and chills may be caused by Aquazine.

Thus, with regards to the alleged injuries for which defendant seeks summary judgment, with the exception of alleged muscle spasms and chills, defendant has made a prima facie showing "that there is an absence of evidence to support the non-moving party's case." *Celotex*, 477 U.S. at 325, 106 S.Ct. at 2554. Consequently there is a sufficient factual and legal basis for concluding that plaintiffs' remaining claims[5] based on these injuries fail as a matter of law. Therefore, the court will grant, in part, and deny, in part, defendant's motion for summary judgment.

### III. PLAINTIFFS' MOTION IN LIMINE

Plaintiffs move to preclude evidence of the following: (1) Karen Eppler's infection of herpes; (2) over-the-counter herbal or vitamin remedies used by Karen Eppler without a medical diagnosis or prescription; (3) dietary treatments used by Karen Eppler without a medical diagnosis or prescription; (4) the marital status of Karen Eppler's siblings or other relatives; (5) osteoporosis in Karen Eppler's family medical history; (6) heart disease in Karen Eppler's family medical history.

Defendant claims that because of the numerous ailments Karen Eppler alleges to have suffered from her exposure to Aquazine, defendant should be given wide latitude in introducing evidence of alternative causes for these ailments. Defendant claims that this should include the medical history of Karen Eppler's family and her husband's family. Defendant contends that the medical history of Karen Eppler's husband, her husband's family, and the marital status of her family members may have caused her anxiety and contributed to her ailments. Defendant also claims that plaintiffs have put Karen Eppler's use of over-the-counter vitamins and dietary treatments into dispute by seeking compensation for these expenses and thus, defendant should be entitled to introduce evidence regarding these treatments.

The court finds that the evidence plaintiffs seek to exclude in their motion in limine may be relevant to the issues in this case. The possible relevance of this evidence, however, must be weighed against its probative value in deciding whether the evidence will be admitted at trial. Before the court can make a determination regarding the admissibility of

3. The specific causation plaintiff must prove is in all respects a highly technical, scientific inquiry—that exposure to Aquazine caused Karen Eppler's alleged injuries. The existence of this causal link is beyond common knowledge and must be established by expert medical testimony. This cause of action was removed from the Circuit Court of Clay County, Missouri under diversity jurisdiction. Missouri law holds that unless the injury involves a "sudden onset, visible injury, or an injury that as a matter of common knowledge follows the act ... some expert medical testimony combined with other evidence tending to show with a reasonable certainty that the accident caused the injury is necessary [to prove causation]." *Harris v. Washington*, 654 S.W.2d 303, 306 (Mo.Ct.App.1983) (citations omitted).

4. Missouri law is clear on this point. "The plaintiffs, in order to recover ... must establish that

... defendant's products directly contributed to the death (in this case, plaintiff Karen Eppler's injuries). This requires evidence that the product of ... defendant sought to be held liable was a 'substantial factor' in causing the harm. In a case of this kind the plaintiff must establish the causal relationship by expert testimony." *Hagen v. Celotex Corp.*, 816 S.W.2d 667, 670 (Mo.1991) (en banc) (parenthetical added and footnote omitted); *see also Harashe v. Flintkote Co.*, 848 S.W.2d 506, 509 (Mo.Ct.App.1993) (Citing *Hagen* and holding that a plaintiff in a product liability action must establish causation through expert testimony).

5. This court has granted defendant's motion for summary judgment on Count III (Failure to Warn) of plaintiffs' complaint. Thus, the remaining claims are those in Count I (Negligence), Count II (Strict Liability—Product Defect), and Count IV (Loss of Consortium).

this evidence, more information is required from the defendant. Defendant shall provide the court with detailed information as to which evidence addressed by plaintiffs' motion in limine it intends to use and how it is relevant to the remaining claims in this case. The court will reserve its ruling on plaintiffs' motion in limine until this additional information is supplied by the defendant.

## IV. DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' LISTED FACT WITNESSES

■ Defendant states that in its First Set of Interrogatories, Interrogatory No. 13 requested the names of persons having information concerning the allegations contained in plaintiffs' complaint. Defendant claims that plaintiffs answered this interrogatory by listing only eight witnesses and never supplemented this answer. Defendant contends that on November 19, 1993, plaintiffs served their List of Fact Witnesses which contained 61 names, 53 of which had not been disclosed in their answers to defendant's Interrogatory No. 13. Defendant, claims that because discovery closed on October 30, 1993, it was precluded from conducting discovery regarding the testimony of these witnesses and thus moves to strike the 53 witnesses who were not listed in plaintiffs' response to defendant's Interrogatory No. 13.

Plaintiffs claim that defendant deposed them eleven months prior to the close of discovery. Plaintiffs state that the names of almost all parties included in Plaintiffs' List of Witnesses were revealed to defendant during these depositions. Thus, plaintiffs contend that defendant has not been impaired in its ability to defend this case or in conducting discovery of the witnesses listed in Plaintiffs' List of Witnesses.

Upon consideration of defendant's suggestions in support of its motion and plaintiffs' opposition, the court will strike from Plaintiffs' List of Witnesses, those witnesses that were neither listed in plaintiffs' answers to defendant's Interrogatory No. 13 nor mentioned in plaintiffs' depositions.

Accordingly, it is **ORDERED** that:

(1) defendant's motion for summary judgment on plaintiffs' failure to warn claims is GRANTED;

(2) defendant's motion for summary judgment on various injuries alleged by plaintiffs for failure to provide expert medical testimony on causation issues is GRANTED in part and DENIED in part pursuant to this Order;

(3) defendant shall provide to this court within fifteen (15) days from the date of this Order, detailed information as to which evidence addressed by plaintiffs' motion in limine it intends to use and how it is relevant to the remaining claims in this case;

(4) defendant's motion to strike plaintiffs' listed fact witnesses is GRANTED in part and DENIED in part pursuant to this Order.